**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MOLLY FELDMAN, on behalf of herself and all others similarly situated,

Plaintiff,

- v -

HORDERLY LLC, FILLIP HORD, and JAMIE HORD,

Defendants.

Civil Action No.: 2:26-cv-1021

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Molly Feldman, by and through her undersigned attorneys, brings this Complaint against Defendants Horderly LLC ("Horderly"), Fillip Hord, and Jamie Hord, and alleges as follows:

## PRELIMINARY STATEMENT

1. This action seeks unpaid wages and damages for a class of professional organizers who were subject to a written corporate policy explicitly mandating "unpaid" work.

2. Defendant Horderly LLC maintained an Employee Handbook that unlawfully required organizers to perform "up to 1.5 hours of unpaid follow-up work per client session."

3. When Plaintiff Molly Feldman complained about this wage theft, disclosed her disability, and subsequently took leave to manage her disability, Defendants issued a formal reprimand and then terminated her employment.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Molly Feldman is a resident of New York County, New York, who was employed by Defendants from September 2023 to July 2, 2025.

5. Defendant Horderly LLC is a limited liability company organized under the laws of New York with a principal place of business at 564 Ardsley Blvd, Garden City, New York

11530.

6. At all relevant times, Defendant Horderly was an enterprise engaged in interstate commerce with an annual gross volume of sales or business done of not less than $500,000.

7. Defendants Fillip Hord and Jamie Hord are owners and officers of Horderly who exercised direct operational control over Plaintiff's employment, including hiring and firing employees, setting pay policies, maintaining employment records, and making termination decisions.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise under the FLSA.

9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred within this judicial district and Defendant Horderly resides in Nassau County.

11. Feldman will file a Charge of Discrimination, arising out of the facts described here, with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act ("ADA"). Upon receiving a Notice of Right to Sue from the EEOC, Feldman will seek leave to amend her Complaint to include ADA, and state and city disability discrimination and retaliation claims against Defendants.

**FACTUAL BACKGROUND**

12. Plaintiff commenced her employment with Defendants on or about September 11, 2023.

13. Plaintiff was initially hired as an "Associate Organizer" with a promised pay rate

of $35.00 per hour.

14. When she began her employment, Defendants demoted her to "Trainee" and reduced her pay to $27.00 per hour, claiming for the first time that she needed to complete 300 hours of training before she could hold the "Associate Organizer" position.

15. In January 2024, Defendants promoted Plaintiff to the position of "Associate Organizer" and increased her rate of pay to $35 per hour.

16. In September 2024, Defendants promoted Plaintiff to "Lead Organizer" and increased her rate of pay to $37.80 per hour.

17. Defendants provided Plaintiff with an Employee Handbook stating that Associate Organizers are to "perform up to .5 hours of administrative work following each session" and Lead Organizers are "to perform up to 1.5 hours of administrative work following each session."

18. The Handbook explicitly classified these hours of daily labor as "unpaid follow-up work."

19. This mandatory unpaid work included tasks such as creating shopping lists, placing pickup orders, uploading photos, and communicating with clients.

20. Plaintiff regularly worked these unpaid hours throughout 2023, 2024, and 2025, accumulating approximately 90 minutes of off-the-clock work per shift.

21. This uncompensated time frequently caused Plaintiff's total weekly hours to exceed forty (40), yet Defendants failed to pay her the required overtime premium.

22. For example, during the workweek of January 13 to January 19, 2025, Plaintiff was paid her regular rate for 40 hours of work, but Defendants did not pay Plaintiff any overtime premium, though she actually worked approximately 10 hours of overtime completing "unpaid follow-up work," totaling 50 hours of work that week.

23. Defendants failed to pay Plaintiff any wages for this mandated administrative time, resulting in estimated lost wages exceeding $10,000.00 in 2024 alone.

24. Defendants also required Plaintiff to complete unpaid training and "training feedback emails" that spanned months, totaling more than 20 unpaid hours.

25. Plaintiff occasionally performed travel jobs involving overnight stays, such as a trip to Rhinebeck, NY, for which Defendants failed to pay the full compensable travel time.

26. Additionally, Defendants failed to pay Plaintiff her guaranteed hourly rate for approximately 85 hours of "closet design" work, relying instead on a commission structure of 5% that was never reduced to a writing signed by the parties as required by NYLL § 191(1)(c).

27. Plaintiff engaged in protected activity by raising complaints regarding pay discrepancies in December 2023 and unpaid cancellation wages in February 2025.

28. Specifically, on February 11, 2025, Plaintiff sent a written objection to management challenging Defendant's refusal to pay her for a canceled shift.

29. On February 12, 2025 — less than 24 hours after this protected complaint — Defendant issued a formal written reprimand to Plaintiff titled "Problem Solving at Horderly."

30. The reprimand criticized Plaintiff for being "argumentative" and "combative," using subjective attacks on her communication style as pretext for retaliating against her valid pay complaints.

31. Following this reprimand, Defendants continued to subject Plaintiff to heightened scrutiny and antagonism regarding her work performance and scheduling throughout the spring of 2025.

32. On March 18, 2025, Plaintiff disclosed that she was experiencing a decline in her mental health and requested a reasonable accommodation in the form of a temporary

modification of her job duties.

33. Plaintiff suffers from Recurrent Major Depressive Disorder and Generalized Anxiety Disorder. These conditions constitute physical and/or mental impairments that substantially limit one or more of Plaintiff's major life activities, including but not limited to, concentrating, thinking, sleeping, interacting with others, and working. Plaintiff's disabilities manifest in debilitating symptoms such as chronic low mood, profound loss of motivation, acute panic attacks, tachycardia, and persistent hypervigilance.

34. Defendants responded to Plaintiff's request for a reasonable accommodation by warning that it could lead to a reduction in her work hours.

35. In April 2025, Plaintiff requested an unpaid leave of absence from late June to late August 2025 to manage her mental health.

36. Defendants approved this leave of absence, which began on June 25, 2025.

37. On July 2, 2025, just seven days after her leave began, Defendants terminated Plaintiff's employment via email.

38. Defendants provided no legitimate business reason for the termination in the July 2, 2025 email.

39. The temporal proximity between Plaintiff's wage complaints, the written reprimand, the ongoing antagonism, the disclosure of her mental health concerns, her mental health-related leave, and her termination demonstrates retaliatory intent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff brings her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons employed by Defendants as organizers within the three years preceding this lawsuit (the "FLSA Collective Plaintiffs").

41. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to the identical written "unpaid follow-up work" policy found in the Employee Handbook.

42. The FLSA claims are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. The FLSA Collective Plaintiffs are readily ascertainable.

44. The names and addresses of the FLSA Collective Plaintiffs are readily available from Defendant Horderly.

45. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant Horderly.

**RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW**

46. Plaintiff brings her NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all persons employed by Defendants as organizers in New York within the six years preceding this lawsuit (the "Rule 23 Class").

47. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from records maintained by Horderly.

48. The Rule 23 Class meets the requirements of numerosity, commonality, typicality, and adequacy, as all members were subject to the identical written "unpaid follow-up work" policy found in the Employee Handbook.

49. Notice can be provided by means permissible under Rule 23.

50. Plaintiffs are represented in this action by attorneys who are experienced and competent in employment litigation and have previously represented plaintiffs in wage and hour

cases.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against their employer.

52. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

53. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

54. On the other hand, important public interests will be served by addressing these claims as a class action.

55. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of the FLSA)**
***Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs***

56. Feldman, on behalf of herself and all other FLSA Collective Plaintiffs, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

57. At all relevant times, Defendants have been, and continue to be, employers engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203.

58. Throughout the statute of limitations period covered by these claims, Defendants willfully violated the FLSA by enforcing a written policy that required Plaintiff and the FLSA Collective Plaintiffs to work off-the-clock, thereby failing to pay overtime premiums for hours worked in excess of 40 per week.

59. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs for all hours worked, violating 29 U.S.C. §§ 206 and 207.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Wages and Overtime in Violation of the NYLL)**
***Brought by Plaintiff on Behalf of Herself and the Rule 23 Class***

60. Feldman, on behalf of herself and the Rule 23 Class, repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

61. Throughout the Class Period, Defendants violated the New York Labor Law by failing to pay Plaintiff and the Rule 23 Class for all hours worked, including the mandatory "unpaid" administrative time and actual travel time.

62. Defendants' policy of requiring unpaid "admin time" violates NYLL Articles 6 and 19.

**THIRD CAUSE OF ACTION**
**(Retaliation in violation of the FLSA & NYLL)**

63. Feldman repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

64. Plaintiff engaged in protected activity by complaining about unpaid wages and commissions in writing on multiple dates in 2025.

65. Defendants took adverse action by issuing Plaintiff a written reprimand on February 12, 2025, and terminating her on July 2, 2025.

66. A causal connection exists between the protected activity and the adverse actions,

as evidenced by the close temporal proximity between Plaintiff's complaints, her leave request, and the disciplinary actions.

**FOURTH CAUSE OF ACTION**
**(Wage Notice and Statement Violations under the NYLL)**
***Brought by Plaintiff on Behalf of Herself and the Rule 23 Class***

67. Feldman repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

68. Defendants failed to provide Plaintiff with a wage notice at the time of hiring reflecting the $27 per hour rate of pay she earned prior to January 24, 2024.

69. Throughout the Class Period, Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements that listed the true total hours worked, as Defendants omitted the mandatory "unpaid" hours from paystubs, in violation of NYLL § 195(3).

70. As a result of these inaccurate statements, Plaintiff and the Rule 23 Class were misled regarding their true rate of pay and total hours worked, preventing them from contesting the underpayments in real-time and resulting in financial injury because they were underpaid and unable to calculate the extent of the wage theft.

**RELIEF**

Plaintiff Molly Feldman demands judgment in her favor and against Defendants Horderly LLC, Fillip Hord, and Jamie Hord as follows:

A. Plaintiff requests certification of this matter as a Collective Action under the FLSA and a Class Action under the NYLL.

B. Plaintiff requests a judgment awarding unpaid minimum wages, unpaid overtime, and unpaid commissions.

C. Plaintiff requests liquidated damages equal to 100% of the unpaid wages under

the FLSA and NYLL due to Defendants' willful conduct.

D. Plaintiff requests compensatory damages for emotional distress and punitive damages for Defendants' retaliatory actions.

E. Plaintiff requests an award of reasonable attorneys' fees and costs associated with this action.

**DEMAND FOR JURY TRIAL**

Plaintiff Molly Feldman, on behalf of herself, the FLSA Collective Plaintiffs, and the Rule 23 Class demands a trial by jury on all issues so triable of right.

Dated: February 20, 2026
New York, New York

**RISSMILLER PLLC**

By: Alex Rissmiller

Alex Rissmiller
Jazly Liriano
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com
jliriano@rissmiller.com

*Attorneys for Plaintiff Molly Feldman*